# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SEAN V. TERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      1:16cv256 |
| | ) |
| SWIFT TRANSPORTATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Swift Transportation's Contingent Motion for Leave to File Answer out of Time (Docket Entry 36) (the "Motion") and Plaintiff's opposition to such relief, presented in the form of a Motion to Dismiss Defendant's Contingent Motion for Leave for File Answer out of Time (Docket Entry 38). For the reasons that follow, the Court will grant Defendant's instant Motion and will deny Plaintiff's instant Motion.

## BACKGROUND

In March 2016, Plaintiff commenced this action against Defendant in the United States District Court for the District of Columbia (the "D.C. Court"). (See Docket Entry 1.) As "[n]one of the parties appear to reside or conduct business in the District of Columbia, and it does not appear that any of the events giving rise to . . . [P]laintiff's claims occurred [t]here" (Docket Entry 3 at 1), the D.C. Court transferred the action to this Court (id. at 2).

Thereafter, Plaintiff filed an Amended Complaint, which elaborates upon the factual allegations underlying his claims against Defendant. (Compare Docket Entry 5, with Docket Entry 1.) In response, Defendant filed a Motion to Dismiss for Failure to State a Claim (Docket Entry 10), and, on July 6, 2017, this Court (per Senior United States District Judge N. Carlton Tilley, Jr.) granted that Motion except as to Plaintiff's claim for defamation (see Docket Entry 34 at 1-2). On July 27, 2017, Defendant filed an Answer to the Amended Complaint (Docket Entry 35) as well as the instant Motion seeking to file its Answer after the deadline of July 20, 2017. Plaintiff opposed Defendant's instant Motion by filing his instant Motion (Docket Entry 38), along with a supporting brief (Docket Entry 39). Defendant replied/responded. (Docket Entries 40, 41.)

## **DISCUSSION**

*Federal Rule of Civil Procedure 6(b)(1)(B)*

Federal Rule of Civil Procedure 12(a)(4)(A) provides that the deadline to answer a complaint occurs 14 days after a court's denial of a motion to dismiss. As documented in the Background section, Defendant did not move to enlarge its time to answer until seven days after that deadline passed. "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P.

6(b) (emphasis added). Although this Rule thus nominally requires a showing of both "good cause" and "excusable neglect," "[t]he practical difference between the good cause and excusable neglect standard is difficult to discern . . . . Indeed, in another context, 'good cause' has been equated with 'excusable neglect.'" Sweetwater Investors, LLC v. Sweetwater Apartments Loan, LLC, No. 1:10CV233WKW[WO], 2011 WL 1545076, at *2 n.2 (M.D. Ala. Apr. 25, 2011).

Moreover, in this context, the United States Court of Appeals for the Fourth Circuit effectively has collapsed these requirements into a single inquiry. See Lovelace v. Lee, 472 F.3d 174, 203-04 (4th Cir. 2006) ("A district court has discretion to grant an enlargement of time 'upon motion made after the expiration of the specified period where the failure to act was the result of excusable neglect.' Fed. R. Civ. P. 6(b). We find no abuse of discretion here. The district court had a reasonable basis for finding good cause (or excusable neglect) . . . ." (internal ellipses in original)). This approach makes sense because, whereas courts have described the "good cause" standard as "non-rigorous," Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010), "liberal," Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), and "not . . . particularly demanding," Stark-Romero v. Nat'l R.R. Passenger Co., 275 F.R.D. 544, 547 (D.N.M. 2011), the Fourth Circuit has declared that "'[e]xcusable neglect' is not easily

-3-

demonstrated," Thompson v. E.I. DePont Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996). The Court thus will focus on determining whether Defendant has shown excusable neglect to file an answer out-of-time.

The United States Supreme Court has explained that:

> [T]here is no indication that anything other than the commonly accepted meaning of the phrase ["excusable neglect"] was intended by its drafters. It is not surprising, then, that in applying [Federal] Rule [of Civil Procedure] 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence . . . do[es] not usually constitute "excusable" neglect, <u>it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant</u>.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391-92 (1993) (internal footnotes omitted) (emphasis added). In other words, the excusable neglect inquiry "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. "These include . . . [1] the danger of <u>prejudice</u> to the [opposing party], [2] the <u>length of the delay</u> and its potential <u>impact on judicial proceedings</u>, [3] the <u>reason for the delay</u>, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in <u>good faith</u>." Id. (emphasis added).

The first Pioneer factor, i.e., prejudice to Plaintiff, <u>see id.</u>, strongly favors Defendant's position. In this regard, the

Court notes that Plaintiff has not identified any cognizable prejudice from the lack of a timely answer. Further, the Fourth Circuit has ruled that "delay in and of itself does not constitute prejudice to the opposing party," Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 418 (4th Cir. 2010), and that no prejudice accrues from "los[ing] a quick [default-based] victory," Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).

The second Pioneer factor, i.e., the length of the delay and its impact on judicial proceedings, see Pioneer, 507 U.S. at 395, also clearly supports a finding of excusable neglect. As detailed in the Background section, a total of seven days elapsed between the expiration of Defendant's deadline to answer and the filing of its instant Motion. In applying the Pioneer factors, other courts have deemed even longer periods of delay "minimal." Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000); Smith v. Rockett, No. CIV-06-492-M, 2010 WL 274497, at *3 (W.D. Okla. Jan. 15, 2010); Iannace v. Rogers, Civil No. 03-5973(JBS), 2006 WL 2038492, at *3 (D.N.J. July 18, 2006). Moreover, the Court has not set a trial date or other hearings (see Docket Entries dated Mar. 8, 2016, to present) and thus Defendant's minimal delay in answering has not affected any judicial proceedings.

As to the third Pioneer factor, i.e., the reason for the delay, see Pioneer, 507 U.S. at 395, Defendant suggests that it

-5-

delayed in answering because "it was unclear whether Plaintiff would seek to amend the [C]omplaint to reflect the dismissal of the majority of his claims" (Docket Entry 37 at 2). The Court will assume that this factor weighs against Defendant. The fourth factor, i.e., whether Defendant acted in good faith, see Pioneer, 507 U.S. at 395, decidedly favors a finding of excusable neglect, because the record reflects a complete absence of any sign that anything other than a good-faith mistake occurred.

On balance, the Court concludes that the relevant factors establish excusable neglect so as to permit Defendant to answer out-of-time. The Court resolved the equities as to the third factor against Defendant, but all three other factors strongly support a finding of excusable neglect. Although the third Pioneer factor constitutes the most significant, see Thompson, 76 F.3d at 534, the Supreme Court's holding in Pioneer makes clear that, even where an attorney is "remiss" in allowing a deadline to pass (i.e., lacks an acceptable reason for his or her oversight), a court may find excusable neglect when the record lacks "any evidence of prejudice to [the opposing party] or to judicial administration in th[e] case, or any indication at all of bad faith," Pioneer, 507 U.S. at 398. This case presents such circumstances and therefore Defendant has shown excusable neglect warranting allowance of a late answer.

*Federal Rule of Civil Procedure 55(a)-(c)*

If the Court had not found excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B) to allow Defendant to file its answer out-of-time (such that entry of default under Federal Rule of Civil Procedure 55(a) would follow), the ultimate outcome in this case would remain the same. In other words, "even if the [C]ourt were inclined to enter default against [Defendant] for filing [its] answer [seven] days late, the [C]ourt would find that default should be set aside for good cause shown. *See* Fed. R. Civ. P. 55(c)." Mook v. Gertsema, No. 07-2152-CM, 2008 WL 2859169, at *2 (D. Kan. July 23, 2008); see also Sony Corp. v. Elm State Elecs., Inc., 800 F.2d 317, 319 (2d Cir. 1986) ("Notwithstanding the nominal requirement that the non-answering defendant demonstrate excusable neglect in order to prevail on a [Federal] Rule [of Civil Procedure] 6(b) motion, district courts regularly exercise their discretion to deny technically valid motions for default.").

"The [C]ourt may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c) (emphasis added). The Fourth Circuit has held that, "[w]hen deciding whether to set aside an entry of default, a district court should consider [1] whether the [defendant] has a meritorious defense, [2] whether [the defendant] act[ed] with reasonable promptness, [3] the personal responsibility of the [defendant], [4] the prejudice to the [plaintiff], [5]

whether there is a history of dilatory action [by the defendant], and [6] the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). Moreover, the Court must liberally construe these factors "to provide relief from the onerous consequences of defaults and default judgments[,]" Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir. 1987) (internal quotation marks omitted), because the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," Colleton Preparatory, 616 F.3d at 417.

Regarding the first Payne factor, "[a] meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party . . . ." Augusta Fiberglass, 843 F.2d at 812. The defaulting party "is not required to establish a meritorious defense by a preponderance of the evidence[;] . . . the mere assertion of facts constituting a meritorious defense" may suffice. Central Operating Co. v. Utility Workers of Am., AFL-CIO, 491 F.2d 245, 252 n.8 (4th Cir. 1974); see also Herlong v. Ludwig, No. 6:09-CV-02823, 2010 WL 1433454, at *3 (D.S.C. Apr. 8, 2010) ("Alleging a meritorious defense in a responsive pleading is sufficient to present a meritorious defense."). In its Answer, Defendant alleges, inter alia, that "Plaintiff's claim for defamation fails as a matter of law because any statements made by [Defendant] were

true." (Docket Entry 35 at 3.) Defendant has presented a meritorious defense, and therefore the first Payne factor weighs in favor of setting aside any default the Court otherwise might enter.

In assessing the second Payne factor, the question of "[w]hether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion . . . ." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). As shown in the Background section, Defendant sought leave to file an untimely answer just seven days after the deadline and before Plaintiff even requested entry of a default. Other courts have weighted this factor toward defendants who delayed acting for similar periods after entry of a default. See Vick v. Wong, 263 F.R.D. 325, 330 (E.D. Va. 2009) (finding that reasonable promptness factor favored setting aside default where defendant did not act for more than two months after entry of default); Wainwright's Vacations, LLC v. Pan Am. Airways Corp., 130 F. Supp. 2d 712, 718 (D. Md. 2001) (concluding that defendant acted with reasonable promptness by moving to set aside default slightly over a month after its entry). The second Payne factor thus favors setting aside any entry of default that might occur.

As to the third Payne factor (i.e., the "personal responsibility" of the defendant, Payne, 439 F.3d at 204), "justice also demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary

termination of proceedings." Moradi, 673 F.2d at 728. The Fourth Circuit has explained that "[t]his focus on the source of the default represents an equitable balance between [the] preference for trials on the merits and the judicial system's need for finality and efficiency in litigation. When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside." Augusta Fiberglass, 843 F.2d at 811 (ruling that "district court erred because it failed to distinguish between the fault of [defendant's] attorney and the fault, if any, of [defendant]"). In this case, the record suggests that Defendant's counsel bears responsibility for the delay. (See Docket Entry 37 at 2.) In any event, Plaintiff has not alleged that Defendant bears personal responsibility for the delay. (See Docket Entries 38, 39.) Under these circumstances, the third Payne factor supports setting aside any default otherwise entered. See Swarey v. Desert Capital REIT, Inc., Civil Action No. DKC 11-3615, 2012 WL 4208057 (D. Md. Sep. 20, 2012) (finding that the third Payne factor weighed in favor of setting aside default where plaintiff did not offer evidence of defendants' personal culpability for delayed response).

The fourth Payne factor, i.e., "prejudice" to Plaintiff, Payne, 439 F.3d at 204, also counsels against maintenance of any default. The Fourth Circuit has stated that, "[i]n the context of a motion to set aside an entry of default, . . . delay in and of

-10-

itself does not constitute prejudice to the opposing party. . . ." Colleton Preparatory, 616 F.3d at 418.[1] Nor does prejudice result when a litigant "loses a quick [default-based] victory." Augusta Fiberglass, 843 F.2d at 812. Instead, the Fourth Circuit has described relevant prejudice as "missing witness[es] . . . whose testimony was made unavailable by the delay; . . . dead witness[es]; . . . records made unavailable by the delay[;] . . . [or] evidence for the plaintiff which could have been presented earlier, the presentation of which was prevented by the delay." Lolatchy, 816 F.2d at 952-53. The absence of such prejudice here means this factor favors setting aside any default.

The fifth Payne factor, a history of dilatory conduct, see Payne, 439 F.3d at 204, counsels in favor of setting aside any default, given that Defendant has complied with all other Court-imposed deadlines thus far. Finally, as to the sixth Payne factor (i.e., "the availability of sanctions less drastic," id. at 204-05), "neither party has suggested alternative sanctions, but the Court [can] certainly consider any suggestions that are brought before it . . . . Therefore, this factor counsels in favor of setting aside default." Pinpoint IT Servs., L.L.C. v. Atlas IT Export Corp., No. 2:10CV516, 2011 WL 2748685, at *15 (E.D. Va. July 13, 2011) (internal citation omitted).

---

[1] Further, as detailed in the preceding subsection, Defendant's untimely proposed Answer has not delayed the proceedings.

To summarize, all six Payne factors counsel in favor of setting aside default. In addition, the Fourth Circuit has expressed a strong preference that "defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory, 616 F.3d at 417. Because good cause exists to set aside any entry of default, the Court will not enter a default.

## CONCLUSION

Defendant has shown excusable neglect for its untimely Answer. Even if Defendant did not show excusable neglect for its late filing, the Court would have to set aside any default.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Answer out of Time (Docket Entry 36) is **GRANTED,** and Plaintiff's Motion to Dismiss Defendant's Contingent Motion for Leave to File Answer out of Time (Docket Entry 38) is **DENIED.**

This 22nd day of September, 2017.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**